IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JILL LOUISE BARTLETT,                )
                                     )
            Plaintiff,               )
                                     )
    -vs-                             )    Civil Action No.   13-184E
                                     )
CAROLYN W. COLVIN,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
            Defendant.               )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

### I.   BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed her application for disability insurance benefits on August 10, 2010, alleging she had been disabled since November 24, 2008. (ECF No. 6-5, p. 2). Plaintiff filed her application for supplemental security income on February 24, 2012, alleging she had been disabled since November 24, 2008. (ECF No. 6-5, p. 16). Administrative Law Judge ("ALJ"), Douglas Cohen, held a video hearing on March 22, 2012. (ECF No. 6-2, pp. 29-55). On March 28, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 10-22). After exhausting all administrative

1

remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weight given to Plaintiff's treating psychiatrist, Dr. Sean Su

Plaintiff first argues that the ALJ erred in rejecting the opinion of Plaintiff's treating psychiatrist, Dr. Sean Su. (ECF No. 8, pp. 11-15). The amount of weight accorded to a physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating

3

physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, the ALJ gave little weight to the February 2012 form completed by Dr. Su and to Dr. Su's report for various reasons. (ECF No. 6-2, p. 20).

> Little weight is given to Dr. Su's report for a number of reasons. First, the report was written after only the second appointment the claimant had with Dr. Su, in which Dr. Su noted the claimant was demonstrating improvement. These findings are inconsistent with the claimant's report that she was without treatment for at least a year because she felt she was better. The opinions expressed by Dr. Su are quite conclusory, providing very little explanation of the evidence relied on in forming them. Additionally, Dr. Su apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exists good reasons for questioning the reliability of the claimant's subjective complaints. Pursuant to SSR 96-2p, controlling weight is not given to the opinions of Dr. Su as the claimant's treating source because his opinions are not well-supported by the record or his own treatment notes, and are inconsistent with the other evidence of record.

(ECF No. 6-2, p. 20). Plaintiff argues that the reasons set forth by the ALJ for giving little weight to Dr. Su's opinions are all unfounded. (ECF No. 8, pp. 11-15). After a review of the record and as set forth above, I find there is substantial evidence of record to support the finding of the ALJ.

As the ALJ pointed out, Dr. Su's opinions in his treating medical source statement are unsupported by his own treatment notes. (ECF No. 6-2, p. 20). For example, in his treatment notes of February 6, 2012, Dr. Su stated that Plaintiff has only "slight" depression and anxiety and only occasionally hears a voice calling her name, but otherwise is "doing well on her medications, denies any need for any change in her medication at this time." (ECF No. 6-8, p. 110). Plaintiff told Dr. Su that her symptoms were probably due to ongoing stressors regarding her legal battle for child support. *Id.* In complete contrast, Dr. Su checked the boxes in his Treating Medical Source Statement that Plaintiff was markedly and extremely limited in several areas. (ECF No.

4

6-8, pp. 111-112). Dr. Su also checked off that Plaintiff was likely to call off work 5 days out of a 5 day work week, that she would be unable medically to complete a full work day 5 days a week and that she would need to take more than 9 breaks in excess of 5 to 10 minutes every day. *Id.* at p. 113. Dr. Su provided no further support for his opinions of extreme and marked limitations and his other limitations set forth in the form.[1] *See,* ECF No. 6-8, pp. 106-118.

Moreover, Plaintiff only had two appointments with Dr. Su prior to him rendering the Treating Medical Source Statement. (ECF No. 6-8, pp. 101-102, 110). Thus, Dr. Su did not have the prolonged longitudinal basis for making statements about Plaintiff that a typical treating doctor normally possesses. *Morales v. Apfel*, 225 F.3d at 317 ("judgment based on continuing observation of the patient's condition over a prolonged period of time").

Additionally, the ALJ assigned Dr. Su's assessment little weight because his opinion was based, in part, on Plaintiff's subjective allegations. "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). As the ALJ found that Plaintiff was not entirely credible, the ALJ was then free to reject a medical opinion based on Plaintiff's own reporting.

Finally, as the ALJ points out, Dr. Su's statement is not well-supported by the record and is inconsistent with the other evidence of record, including the consultative and state agency

---

[1] Plaintiff suggests that the ALJ erred for failing to recontact Dr. Su for further explanation. (ECF No. 8, p. 13). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). To that end, an ALJ is required to recontact a medical source for clarification "when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear….". SSR 96-5p (policy interpretation); *see also,* 20 C.F.R. §404.1512(e)(1). In this case, the records were complete and there is nothing ambiguous or unclear about Dr. Su's assessment or treatment records. Based on the evidence of record, I find that the ALJ was able to make a disability determination. Therefore, the ALJ was not required to recontact Dr. Su. Consequently, I find no error in this regard.

psychologists. *See,* ECF No. 6-2, pp. 18-20. Plaintiff's argument that the other evidence of record "predate[s] that of Dr. Su by more than a year," does not change the fact that they are inconsistent. An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012).

Thus, based on the above, I find that the ALJ's opinion regarding the weight given to Dr. Su's opinions is supported by substantial evidence. Therefore, I find no error in this regard.

### C.  Weight given to Dr. John Kalata

Plaintiff next argues that the ALJ erred in giving little weight to Dr. John Kalata, a consultative physician. (ECF No. 8, pp. 15-16). Specifically, Plaintiff submits that the ALJ rejected this evidence without identifying any contradictory evidence of record. *Id.* at 15. Additionally, Plaintiff again suggests that the ALJ should have recontacted Dr. Kalata for further clarification. *Id.* After a review of the record, I disagree.

With regard to Dr. Kalata, the ALJ found as follows:

> In January 2011, Dr. John Kalata, a consultative physician, evaluated the claimant (Exhibits 12F, 13F and 14F). During the examination, the claimant reported pain with palpitation and demonstrated a reduced range of motion in the lumbar spine (Exhibit 13F). However, she demonstrated normal muscle strength, intact sensation, normal range of motion of the extremities, and negative straight leg testing. Dr. Kalata noted the only medication the claimant was taking for her pain was Ibuprofen (Exhibit 13F). Based on the claimant's report of low back pain, the claimant underwent an e-ray of the lumbar spine, which was negative for abnormalities (Exhibit 14F). Nonetheless, Dr. Kalata indicated the claimant could lift and carry up to 10 pounds, stand and walk for two hours, and sit for six hours of an eight-hour day (Exhibit 12F). Without explaining the reasons for these limitations, Dr. Kalata also indicated the claimant was restricted in pushing, pulling, and postural activities (Exhibit 12F). The limitations provide by Dr. Kalata are not consistent with his relatively negative examinations and e-ray findings. Further, they are inconsistent with the objective medical evidence of record, and the claimant's conservative and sporadic treatment. Accordingly, the report of Dr. Kalata is given little weight.

(ECF No. 6-2, p. 19). Thus, contrary to Plaintiff's assertion, the ALJ very specifically and clearly stated his reasons for affording Dr. Kalata's opinion little weight – his opinions were internally

6

inconsistent and they were inconsistent with the objective medical evidence of record (the x-ray results).  Consequently, I find no error in this regard.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JILL LOUISE BARTLETT,  )
 )
        Plaintiff, )
 )
  -vs- )    Civil Action No.   13-184E
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 24th day of April, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                                  BY THE COURT:

                                  s/   Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge